## SUCCESSION OF WELLS.

Where a resident of another State, who dies here without having acquired a domicil, leaves a testament executed in the State in which he resided, the effect of such testament upon slaves and moveables in his possession in this State at the time of his death, must depend upon the jurisprudence of the State in which the testament was executed.

APPEAL from the District Court of Caddo, *Olcott*, J. *J. W. Jones*, for the absent heirs, appellants. *Spofford*, on the same side. *Terrell, Hodge, Gilbert* and *Landrum*, for the curator. The judgment of the court was pronounced by

EUSTIS, C. J. This is an appeal from a decree of the District Court, sitting in the parish of Caddo, by which the will of the deceased, *Bannister Wells*, was admitted to probate, and ordered to be executed; and *Mary Wells*, the surviving wife of the deceased, was recognized as exclusive owner of the slaves and personal property of which the deceased died possessed, and which were in the hands of *Joel U. Hardwick*, who was the administrator of the succession. The decree further directed, that she be put in possession of said property, and that the administrator account to the said *Mary Wells*, within twenty days from the signing thereof. It would appear that those proceedings were conducted contradictorily with the administrator and the attorney appointed to represent the absent heirs; the latter has taken this appeal.

A bill of exceptions was taken by the appellant to the decision of the district judge in compelling the trial, and another as to the mode of conducting the argument; neither of which we deem it material to notice.

The will appears to have been executed in 1843, in the State of Mississippi; the deceased died in the parish of Caddo, in February, 1849, and, before leaving Mississippi,[*] he made a division of property with his wife, who remained at home, reserving to himself nothing but the property which he took with him in his journey of migration, during which he died.

The deceased had not changed his original domicil in Mississippi, having acquired no other; and the effect of the will upon the property of which he died possessed, to wit, slaves and moveables, and also that of the entire change in his property, on his departure for another residence, upon the will previously made, are matters which depend upon the jurisprudence of Mississippi.

Upon these questions, the evidence of counsel learned in the law ought to have been furnished. Without such assistance, we do not feel ourselves at liberty to decide them. The trial was had in the court below, without any sufficient preparation, and bears evident marks of precipitancy. The case involves questions of difficulty, at least, to us; and we are not permitted to close it upon the showing which the surviving wife has made. The heirs of the husband do not appear to have been recognized—three only, his sisters, having presented themselves, and claimed their rights; and it is not alleged that they are his sole heirs.

It is, therefore, decreed, that the judgment appealed from be annulled, and the case remanded for further proceedings, according to law; the costs of this appeal to be borne by the appellee.

---

[*] In January, 1849.